**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY GILLESPIE,**

                    **Plaintiff,**                                    No. 9:07-cv-00694
                                                                     (GLS/GHL)

                v.

**JUSTIN TAYLOR,** *et al.***,**

                    **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Anthony Gillespie
*Pro Se*
99-A-5737
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

**FOR DEFENDANTS:**

HON. ANDREW CUOMO              CHRISTOPHER W. HALL, ESQ.
New York Attorney General          Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

The above-captioned matter comes to this court following a Report-Recommendation and Order (R&R) by Magistrate Judge George H. Lowe, filed August 17, 2009. (Dkt. No. 52.) The R&R[1] recommended that defendants' motions for summary judgment be granted. Pending is Gillespie's objection to the R&R. (Dkt. No. 54.) For the reasons that follow, the R&R is adopted in its entirety.

### II. Background

Anthony Gillespie, an inmate formerly housed at Gouverneur Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights when he was exposed to second-hand smoke, also known as environmental tobacco smoke (ETS), in the dormitory bathroom at the Gouverneur Correctional Facility. (*See generally* Compl., Dkt. No. 1.) Defendants moved for summary judgment arguing *inter alia* that Gillespie failed to state an Eighth Amendment claim. (*See* Defs' Mot. at 5-9, Dkt. No. 50:6.)

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

On August 17, 2009, Judge Lowe recommended that defendants' motion for summary judgment be granted. The court will now review the R&R and Gillespie's objections.

## III.  Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the magistrate judge's findings and recommendations for clear error. *See id.*

## IV.  Discussion

In the R&R, Judge Lowe examined Gillespie's Eighth Amendment exposure claim under both "present harm" and "future harm" analyses,[2]

---

[2] As Judge Lowe noted "Eighth Amendment jurisprudence on the subject of prison ETS claims distinguishes between claims of present harm from ETS exposure (such as where exposure to ETS creates or exacerbates a medical condition) and claims that ETS exposure will cause the prisoner harm in the future. Plaintiff appears to be asserting both types of ETS claims. . . . I will address these claims separately." (R&R at 11, Dkt. No. 52 (internal citations omitted).)

finding the claim deficient under both.  Under the "present harm" analysis, Gillespie could not show that he suffered a serious medical condition as a result of his exposure.[3]  Moreover, even if he could, "there is no evidence that Defendants were deliberately indifferent to [it]."  (*See* R&R at 11-15, Dkt. No. 52.)  Under the "future harm" analysis, Gillespie's claim failed to meet the objective element requirement, as the circumstances of his exposure did not amount to a violation of contemporary standards of decency.  (*See id.* at 15-17.)

Because Gillespie objects only generally to the R&R, the court will review each portion for clear error.  Upon review for clear error, the court finds no error and adopts the R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Lowe's August 17, 2009 Report-Recommendation and Order is adopted in its entirety; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

---

[3] Gillespie's medical records indicate good health and show no evidence of ETS harm. (*See* R&R at 12-14, Dkt. No. 52.)

4

**IT IS SO ORDERED.**

Albany, New York
September 24, 2009

*[signature]*
United States District Court Judge